UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-61569-MC-SMITH

VINCENZO OPPEDISANO,

       Petitioner,
vs.

FORT LAUDERDALE EXECUTIVE
JET CENTER, LLC,

       Respondent.
_____/

**ORDER AFFIRMING AND ADOPTING
REPORT OF MAGISTRATE JUDGE AND DENYING OBJECTION**

This matter is before the Court upon Respondent's Objection [DE 14] to the Magistrate Judge's Report and Recommendation [DE 13]. Petitioner filed his Motion to Compel Compliance with Subpoena ("Motion") to Fort Lauderdale Executive Jet Center, LLC ("Respondent"). The subpoena seeks discovery which is relevant to a separate action styled as *Oppedisano v. Zur*, No. 20-CV-5395-VB ("Primary case"). The primary case is pending in the United States District Court for the Southern District of New York. *See* ([DE 1] at 1). Petitioner's subpoena is a Rule 45 subpoena which seeks to obtain document production and testimony from Respondent. Petitioner's Motion also seeks fees for having to bring this action. (*See generally* [DE 1]). The Magistrate Judge granted in part and denied in part Petitioner's Motion. Respondent now files its Objection claiming that Petitioner's service of the subpoena was improper because Petitioner failed to personally serve Lynda Zur or Marshall Myles, two managers whom Respondent states are authorized to accept service on behalf of Respondent. Respondent argues that without personal service on the two managers Petitioner failed to provide notice of the subpoena. In response,

Petitioner requests that the Court adopt the Magistrate Judge's Order, compelling Respondent to produce the requested documents and rejecting Respondent's argument regarding personal service on the two managers.

Courts in this District have held that personal service is not required to comply with Rule 45. *See TracFone Wireless, Inc. v. Nektova Grp., LLC*, 328 F.R.D. 664, 667 (S.D. Fla. 2019). Rather, Rule 45 "requires service reasonably calculated to ensure receipt of the subpoena by the witness." *Id.* Here, Petitioner has complied with the requirements of Rule 45. Specifically, on June 15, 2022, Petitioner mailed copies of the subpoena to Respondent's counsel's office and emailed Respondent's counsel, requesting that Respondent's counsel accept service of the subpoena's demand for document production. In a written and signed declaration, Respondent's counsel admitted to receiving that email. Therefore, Respondent's argument that it did not have notice of the subpoena is without merit.

Moreover, on June 17, 2022, Petitioner effectuated service by serving Scott Bottell, a purported manager for Respondent, who claimed he was authorized to accept service at Respondent's mailing address and the address of its registered agent. *See* (ECF No. 1-1 at 12). Respondent's manager Lynda Zur declared that Scott Bottell is not an employee or a former employee of the company. Consequently, Zur stated that neither she nor any other company representative was aware of the service of the subpoena, ultimately depriving them of the opportunity to respond. However, Zur never declared that she did not know Scott Bottell; she merely stated that he was never employed or affiliated with the company. When Respondent failed to respond, on July 14, 2022, Petitioner sent correspondence that contained the subpoena to Respondent's principal place of business and registered address. Again, Respondent failed to respond, forcing Petitioner to file the Motion to Compel [DE 1] on August 24, 2022.

This Court finds that service of the Rule 45 subpoena was reasonably calculated to ensure receipt of the subpoena by Respondent. *See TracFone Wireless, Inc.*, 328 F.R.D. at 667; *see also Oppedisano v. Skylink Jets*, No. 22-MC-61540-WPD (ECF No. 11 at 3) (granting Rule 45 subpoena under nearly identical circumstances). Having reviewed, *de novo*, the Magistrate Judge's Report and Recommendation to District Judge and the record, Respondent's Objection is denied. Accordingly, it is

**ORDERED** that:

1) The Report and Recommendation to District Judge [DE 13] is **AFFIRMED and ADOPTED** and incorporated by reference into this Court's Order.

2) Respondent's Objection [DE 14] is **DENIED**.

3) Petitioner's Motion to Compel [DE 1] is **GRANTED** in part and **DENIED** in part**.**

    (a) The Motion is **GRANTED** as to document production only. Within seven (7) days of the date of this Order, Respondent shall produce documents responsive to the subpoena.

    (b) The Motion is **DENIED** as to Petitioner's request for fees and for deposition testimony.

4) Respondent's failure to comply with any portion of this Order will be grounds for the award of sanctions upon motion by Petitioner.

5) This case is **CLOSED**.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 21st day of July 2023.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: Counsel of record